FILED
2016 Aug-11  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ROBERT JAMES COATS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 7:16-cv-8094-VEH |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

Robert James Coats, Jr. (hereinafter "Coats" or the "defendant") initiated the present action on June 24, 2015, by filing a pro se motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. (Doc.1). Coats's motion was filed pursuant to 28 U.S.C. § 2255 and was predicated upon the new rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because Coats's motion was predicated upon the new rule announced in *Johnson*, the motion was referred to the Federal Public Defender for the Northern District of Alabama (hereinafter the "FPD") pursuant to a General Order of this district regarding such motions.

On July 14, 2016, the Federal Public Defender for the Northern District of Alabama, acting on behalf of Coats, filed a Motion To Stay and Hold In Abeyance.

(Doc. 4; the "Stay Motion"). The Government did not oppose the Stay Motion. On July 18, 2016, this court granted the Stay Motion and stayed this action pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. (Docket entry 5).

On July 21, 2016, this court was advised that the Eleventh Circuit Court of Appeals had entered an order denying Coats's application for authorization to file a second motion under Section 2255. (Doc. 6; Notice; *see* attachment 6-1). On July 22, 2016, this court entered an Order To Show Cause why the stay in this case should not be lifted and this action dismissed in light of the Eleventh Circuit's order. (Docket entry 7). The FPD responded that the stay was due to be lifted, and the action dismissed, but that the dismissal should be without prejudice. (Doc. 8, filed August 10, 2016).

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Coats has previously sought collateral relief pursuant to § 2255 which was dismissed, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333

F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, this case will be dismissed without prejudice.

## ORDER

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Coats*, 7:11-cr-068-VEH.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Coats is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a

constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Coats cannot make the requisite showing in these circumstances. Finally, because Coats is not entitled to a COA, he is not entitled to appeal in forma pauperis.

    **DONE** and **ORDERED** this the 11h day of August, 2016.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge